UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER LYNN SANFORD,<br><br>Plaintiff,<br><br>vs.<br><br>PERFORMANCE MACHINE, LLC, d/b/a Progressive Suspension,<br><br>Defendant,<br><br>PERFORMANCE MACHINE, LLC,<br><br>Third Party Plaintiff,<br><br>vs.<br><br>ANDREA BELL,<br><br>Third Party Defendant,<br><br>ANDREA BELL,<br><br>Counter Claimant,<br><br>vs.<br><br>PERFORMANCE MACHINE, LLC,<br><br>Counter Defendant. | 4:26-CV-04109-ECS<br><br>ORDER GRANTING MOTION TO CONSOLIDATE CASES FOR DISCOVERY |

Pending before the Court is the parties' Stipulation to Consolidate Discovery. Doc. 12. All parties request that this Court consolidate this case for discovery purposes with the following cases:

John Bianco v. Performance Machine, LLC d/b/a Progressive Suspension, et al., 4:26-CV-4122-ECS;

James Thomas Bardsley and Melanie Ann Bardsley v. Performance Machine, LLC, d/b/a Progressive Suspension, et al., 4:26-CV-4135-ECS; and

David E. Curry v. Performance Machine, LLC, d/b/a Progressive Suspension, et al., 4:26-CV-4155-ECS.

The parties seek an order providing that these cases "be consolidated for discovery, that a single judge direct all parties to hold a joint Rule 26(f) meeting, and that a single Scheduling Order will govern the timing and disclosure obligations of all parties in each of the Consolidated Cases." Doc. 12 at 4. The parties are not seeking consolidation for trial, but only for purposes of discovery. Id. Further, the parties stipulate that should a motion for protective order be filed by a party seeking one, such an order "may be made in the relevant Consolidated Case where the disclosure would otherwise have been made." Id.

The Court has the authority to consolidate actions pursuant to Fed. R. Civ. P. 42(a), which provides "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "The Rule should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion." Bendzak v. Midland Nat'l Life Ins. Co., 240 F.R.D. 449, 450 (S.D. Iowa 2007) (quotation omitted). The district court has broad discretion in determining whether to consolidate cases containing a common question of fact or law. See Enter. Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994). Further, the Supreme Court has instructed that "consolidation is permitted as a matter of convenience and economy in

administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Hall v. Hall, 584 U.S. 59, 70 (2018) (quotation omitted).

Here, the pending cases involve common questions of law and fact, as each case arises out of a multi-party motorcycle accident occurring near Keystone, South Dakota, on August 2, 2025. From the Court's review, it appears the claims asserted by plaintiffs are predicated on similar theories of liability. Likewise, Performance Machine has asserted nearly identical defenses in each case as well. The Court finds consolidation would promote judicial economy and allow the parties to coordinate discovery without costly and duplicative depositions.

Therefore, after careful consideration and good cause appearing, it is hereby

ORDERED that this case is consolidated for the purposes of discovery with:

John Bianco v. Performance Machine, LLC d/b/a Progressive Suspension, et al., 4:26-CV-4122-ECS;

James Thomas Bardsley and Melanie Ann Bardsley v. Performance Machine, LLC, d/b/a Progressive Suspension, et al., 4:26-CV-4135-ECS; and

David E. Curry v. Performance Machine, LLC, d/b/a Progressive Suspension, et al., 4:26-CV-4155-ECS. It is further

ORDERED that this Order does not consolidate the pleadings (complaints, answers or counterclaims), motions related to pleadings or pleading amendments, claims construction filings or hearings, dispositive motions, motions in limine, or the trials in these actions ("Non-Consolidated Proceedings"). It is further

ORDERED that the cases are hereby consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure only for the purposes of conducting consolidated discovery. The cases

are not hereby merged into one case, and except as provided herein, each of the cases retains its individual case identity, with the parties in each of the cases retaining all their separate rights under applicable rules and law, including the right to separately brief and argue motions if desired. It is further

ORDERED that the "lead case" for purposes of consolidated discovery is Sanford v. Performance Machine, LLC, et al., No. 26-CV-04109-ECS. It is further

ORDERED that except for Non-Consolidated Proceedings as set forth above, or as otherwise ordered, all motions, submissions and other documents to be filed with the Court and pertaining to any issue related to consolidated discovery shall have a caption stating both the caption and case number of Sanford v. Performance Machine, LLC, et al., No. 26-CV-04109-ECS (appearing first); Bianco v. Performance Machine, LLC, et al., No. 26-CV-4122-ECS (appearing second); Bardsley v. Performance Machine, et al., No. 26-CV-4135-ECS (appearing third); Curry v. Performance Machine, et al., No. 26-CV-4155-ECS (appearing fourth); and shall be filed only in the lead case, Sanford v. Performance Machine, LLC, et al., No. 26-CV-04109-ECS. It is further

ORDERED that the parties shall file motions, submissions and other documents related to any Non-Consolidated Proceedings solely in the action and under the case caption to which the Non-Consolidated Proceedings relate. It is finally

ORDERED that the parties shall hold a joint Rule 26(f) meeting after the Court's entry of a separate order describing the topics the parties must address at this meeting, and that the Court will then enter a single scheduling order governing all discovery in this case.

DATED this 18 day of November, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE